IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**MARCUS RUSSELL MILLER**                                                       **PETITIONER**
Reg #12836-064

VS.                         CASE NO.: 2:15CV00038 DPM/BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

**I**.   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr.  Any party to this suit may file written objections with the Clerk of Court.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.  All objections are due within fourteen (14) days of filing of the Recommendation.

Parties are cautioned that, by not objecting, they may waive the right to appeal questions of fact.  And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.**   **Introduction**

Petitioner Marcus Russell Miller is currently serving a sixty-month sentence at the Federal Correctional Complex, Forrest City, Arkansas, for conspiracy to defraud the United States by obtaining false income tax returns.  Mr. Miller challenges the manner in

which the Bureau of Prisons ("BOP") has calculated his sentence. (Docket entry #1) Specifically, he claims "intentional and purposeful discrimination and abuse of BOP discretion." (#1, p. 4)

Although it is not clear, it appears that Mr. Miller challenges the BOP's decision to decline his request for a *nunc pro tunc* designation. (#1, p. 5) The result of that decision is that Mr. Miller did not receive credit towards his federal sentence for the nineteen years he spent in state custody. Mr. Miller alleges that other "similarly situated" inmates were granted *nunc pro tunc* designation but that the BOP failed to give his request "full and fair consideration." (#1, pp. 5-6)

Warden C.V. Rivera has responded to Mr. Miller's petition, contending that the BOP has correctly calculated the sentence. (#4) And Mr. Miller filed a reply to Warden Rivera's response. (#6) The Clerk recently transferred the referral in this case to the undersigned. (#7, #8) For the following reasons, Judge Marshall should DENY and DISMISS Mr. Miller's petition, with prejudice.

## III. Background

On April 13, 1994, the United States charged Mr. Miller with conspiracy to defraud the United States by obtaining false income tax returns, in violation of 18 U.S.C. § 286. (#4-1, p. 30) At the time, Mr. Miller was serving Oklahoma state sentences for larceny, drug possession, and assault-and-battery on a police officer. (#1, p. 4)

On September 22, 1994, Mr. Miller appeared on a writ of habeas corpus *ad prosequendum* in the United States District Court for the Western District of Oklahoma and pleaded guilty to the federal charge. (#4-1, p. 31) On November 30, 1994, the federal judge handed down a sixty-month sentence that Mr. Miller was to serve in the BOP. (#4-1, p. 32; #4-1, pp. 40-43) As Mr. Miller notes, the sentencing judge ordered his sentence to run consecutive to any prior sentences imposed. (#1, p. 4; #4-1, p. 32; #4-1, p. 41)

After sentencing, federal authorities returned Mr. Miller to Oklahoma state authorities so that he could finish serving his state sentences. (#1, p. 4) On October 28, 2013, Mr. Miller finished serving his state sentences. At that time, he was taken into federal custody and began serving his federal sentence.

On June 17, 2009, Mr. Miller filed a "petition for a writ of *nunc pro tunc*" in his federal criminal case. (#4-1, p. 32) On July 13, 2009, the sentencing court denied the petition, noting that the imposition of a consecutive federal sentence precluded crediting Mr. Miller's federal sentence for time spent serving his state sentences. (#4-1, pp. 51-53) Mr. Miller appealed, and the Tenth Circuit Court of Appeals affirmed the denial. (#4-1, pp. 55-60)

The BOP calculated Mr. Miller's federal sentence as beginning October 28, 2013, the date his state sentences expired. (#4-1, p. 63) The BOP considered Mr. Miller's *nunc*

*pro tunc* request, but noted that the federal court's consecutive sentence made a *nunc pro tunc* designation inappropriate. (#1, pp. 9, 12, 15)

## IV. Discussion

The Attorney General, through the BOP, has responsibility for computing and determining the commencement of federal sentences. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)). The Court reviews the BOP's determinations for abuse of the agency's substantial discretion. *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007).

Here, the BOP acted within its discretion when it calculated the commencement of Mr. Miller's sentence. The BOP also acted within its discretion by denying Mr. Miller's request for *nunc pro tunc* designation.

### A. *Commencement of Sentence*

Other than his request for *nunc pro tunc* designation, Mr. Miller does not challenge the BOP's determination as to when his federal sentence began. (#1) A federal sentence cannot commence prior to the date of imposition. *Sisemore v. Outlaw*, 363 F.Appx. 424 (8th Cir. 2010) (per curiam) (citing *Coloma v. Holder*, 445 F.3d 1282, 1283-1284 (11th Cir. 2006). Relevant here, a sentence is deemed to commence on the date the defendant is received into custody for transportation to his or her official detention facility. 18 U.S.C. § 3585(a)

Mr. Miller was in Oklahoma custody until he finished serving his state sentence on October 28, 2013. Oklahoma authorities then transferred Mr. Miller to the United States Marshal Service. The BOP determined that Mr. Miller's federal sentence began to run on October 28, 2013. (#4-1, p. 63) The BOP did not err in determining the commencement date of Mr. Miller's sentence.

B.   *Custody Credit*

A federal prisoner is entitled to prior custody credit for any time spent in official detention prior to the date the sentence commences, so long as the time was not credited to another sentence. 18 U.S.C. § 3585(b). The Attorney General, through the BOP, has the authority to award credit under section 3585(b). *United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351 (1992).

Mr. Miller admits that he was incarcerated in the state of Oklahoma when his federal charge arose. (#1, p. 4) After imposition of his federal sentence, he was returned to state custody to resume service of his Oklahoma state sentences. (#1, p. 4) Mr. Miller states that after completing his state sentence on October 28, 2013, Oklahoma transferred him to the United States Marshal Service. (#1, p. 4) His statement indicates that he received credit on his Oklahoma state sentence through October 28, 2013. Because Mr. Miller received credit on another sentence (his Oklahoma state sentence), he is not entitled to custody credit on his federal sentence prior to October 28, 2013.

5

The sentencing court could have ordered Mr. Miller's federal sentence to run concurrently with his state sentences. The sentencing judge, however, specifically ordered a consecutive federal sentence.

Because the federal and state sentences were consecutive rather than concurrent, Mr. Miller is not entitled to a prior custody credit exception for time credited to his state sentence. *Cf.*, *Kayfez* or *Willis*. See *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 2003) (post-conviction petitioner serving *concurrent* state and federal sentences was entitled to credit against his federal sentence for pre-sentence incarceration because sentences were concurrent; crediting only against state sentence would not reduce his period of actual imprisonment); *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). Accordingly, the BOP properly denied Mr. Miller credit for his time in custody on his Oklahoma state sentences.

    C.    *Nunc Pro Tunc Request*

The BOP has the authority to designate a state facility as the site for a defendant to serve a federal sentence. 18 U.S.C. § 3621(b). If the BOP does not make the designation in advance, it may make the designation through a *nunc pro tunc* order.

Mr. Miller used the BOP's administrative process to request credit on his federal sentence, through a *nunc pro tunc* designation, for the time he spent in the Oklahoma Department of Corrections. (#1) Granting this request, however, would have invalidated the federal court's determination that Mr. Miller's federal sentence was to run

consecutively. Accordingly, the BOP acted well within its discretion when declining Mr. Miller's request. Mr. Miller is not entitled to credit on his federal sentence for time served in the Oklahoma Department of Corrections on his Oklahoma state sentences.

D.   *Equal Protection*

Mr. Miller claims the BOP discriminated against him by granting a *nunc pro tunc* designation for two similarly situated inmates (two inmates who had consecutive federal sentences). (#1, p. 5; #6, pp. 3-6) This is essentially an equal protection claim.

To prevail on this claim, Mr. Miller must show that he was treated differently from similarly situated inmates based on either a suspect classification or a fundamental right. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815-816 (8th Cir. 2008)(citing *Weems v. Little Rock Police Dep't*, 435 F.3d 1010, 1016 (8th Cir. 2006). Further, he must show the BOP's decision to treat him differently was motivated by intentional or purposeful discrimination. *Patel*, 515 F.3d at 816. Mr. Miller has failed to make the required showings.

Mr. Miller has not identified a suspect classification. He has not provided any evidence of discrimination. And importantly, the record shows that the inmates Mr. Miller identified were not similarly situated. Instead of receiving consecutive sentences as Mr. Miller did, the other inmates he points to had either a concurrent sentence or a

sentence that was initially silent[1] as to whether it should run concurrently or consecutively. (#4-1, pp. 7-8) Accordingly, Mr. Miller cannot prevail on his equal protection claim.

V.     **Conclusion**

The Court commends Mr. Miller for his achievements and model behavior while incarcerated. The BOP, however, has correctly calculated Mr. Miller's federal sentence. The BOP also acted within its discretion by denying Mr. Miller's request for a *nunc pro tunc* designation. Accordingly, the Court recommends that Judge Marshall DENY and DISMISS Marcus Russell Miller's petition for a federal writ of habeas corpus, with prejudice.

DATED this 23rd day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] When contacted by the BOP, the sentencing court stated it intended to impose a concurrent sentence.